UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JUAN SANTANA, | : |
| Plaintiff, | : Case No.: 1:25-cv-04464 |
| v. | : |
| HWAREH.COM., INC., | : |
| Defendant. | : |

---

## NOTICE OF REMOVAL BY DEFENDANT HWAREH.COM, INC.

Pursuant to 28 U.S.C. Sections 1332 and 1441, and without waiving any claims, rights, or defenses, Defendant Hwareh.com, Inc. d/b/a HealthWarehouse.com ("HEWA" OR "Defendant"), hereby removes this action from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York. As the legal and factual basis for removal, Defendant states as follows:

1. On July 3, 2025, Plaintiff Juan Santana ("Plaintiff") filed a civil action against Defendant, *Juan Santana v. Hwareh.com, Inc.*, New York Supreme Court, Kings County, Index No. 522212/2025, asserting state law claims for alleged violations of the New York State Human Rights Law (N.Y. Exec. Law § 290 *et seq.* (Count I), alleged violations of the New York Civil Rights Law (Civil Rights Law § 40 *et seq.* (Count II), alleged violations of the New York City Human Rights Law (N.Y.C. Admin. Code § 8-101 *et seq.* (Count III), and a Declaratory Judgment (Count IV), based upon Plaintiff's allegation that he was unable to purchase nasal spray on Defendant's website due to alleged accessibility issues. A copy of the Complaint is attached hereto as Exhibit A and incorporated by reference.

2. Plaintiff is a citizen of the State of New York, with his residence located at 216 Nichols Avenue, Brooklyn, New York 11208.

3. Defendant is a Delaware corporation with its principal place of business located at 7107 Industrial Road, Florence, Kentucky 41042 and, as such, Defendant is a citizen of both the State of Delaware and the Commonwealth of Kentucky.

4. Plaintiff's Complaint is properly removable to this Court pursuant to 28 U.S.C. Sections 1332(a), 1441(b) and 1446(b)(2)(C) because (a) this case involves a civil action between citizens of different States, (b) the "amount in controversy" exceeds $75,000.00, and (c) Defendant is not a citizen of New York, where the Complaint was originally filed.

5. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington* 432 U.S. at 333, 347 (1977). The amount in controversy in a declaratory action is determined by "the pecuniary effect an adverse declaration will have on either party to the lawsuit." *Fitzgerald Railcar Services of Omaha, Inc. v. Chief Industries, Inc.*, 141 Fed.Appx. 491, 492 (8th Cir. 2005) (*quoting City of Moore v. Atchison, Topeka, & Santa Fe Ry. Co.*, 699 F.2d 507, 509 (10th Cir. 1983)).

6. Plaintiff has sought both a declaratory judgment and injunctive relief against Defendant relative to Defendant's business operations, practices, policies, and website.

7. The pecuniary effect of an adverse declaration against Defendant and/or an injunction against Defendant will necessarily cause Defendant to sustain damages in well in excess of $100,000.00.

8. Plaintiff has also demanded an award of compensatory damages in an amount of $74,999.00.

9.   As established by Plaintiff's monetary claim for damages and, in addition, the amount in controversy relating to and arising from Plaintiff's claims for declaratory judgment and injunctive relief, the amount in controversy in this civil action exceeds $75,000.00.

10.   Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice of Removal has been promptly served upon all counsel and filed with the Clerk of Courts for the Supreme Court of the State of New York, County of Kings, contemporaneous with this filing.

11.   This Court is the proper court for the removal of this action because it is the "district court of the United States for the district and division embracing the place where such action is pending," as prescribed by 28 U.S.C. Section 1441(a), without waiver of any defenses and/or objections to improper venue in accordance with 28 U.S.C. Section 1441(f).

DATED: August 11, 2025                    **MOSES & SINGER LLP**

By: /s/ *Zaid Shukri*
    Zaid Shukri
    Bar No. ZS5662
The Chrysler Building
405 Lexington Avenue, 12th Floor
New York, New York 10174
Tel: (212) 554-7800
Fax: (212) 554-7700
zshukri@mosessinger.com
*Attorneys for Defendant Hwareh.com, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 11, 2025, a copy of the foregoing Notice of Removal was electronically filed with the Clerk of the District Court using the CM/ECF system, will be filed electronically via NYSCEF in the state court action being removed, and mailed via United States Postal Service to counsel of record for the Plaintiff at the following address:

Edward Y. Kroub, Esq., Esq.
MIZRAHI KROUB LLP
225 Broadway, 39th Floor
New York, NY 10007
ekroub@mizrahikroub.com
*Attorneys for Plaintiff*

                                                  *s/ Zaid Shukri*
                                                   Zaid Shukri